ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
MARK J. WENKER
Assistant United States Attorney
Arizona State Bar Number 018187
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Mark.Wenker@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| v. | |
| $5,200.00 in United States Currency, | |
| Defendant. | |

Plaintiff United States of America brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

**BASIS FOR FORFEITURE**

1. This is a civil action *in rem*, brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of property which represents money or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, and money used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*

2. This is a civil action *in rem*, brought to enforce the provision of 18 U.S.C. § 981(a)(1)(A) and (C) for the forfeiture of property because it was involved in a

transaction or attempted transaction in violation of a money laundering offense or any property traceable to such property, and because it constitutes or is derived from proceeds traceable to a violation of, among other things, 21 U.S.C. § 841.

## JURISDICTION AND VENUE

3. This Court has jurisdiction because the United States commenced this action and because it seeks forfeiture. 28 U.S.C. §§ 1345, 1355(a). Venue is proper in this District because acts or omissions giving rise to forfeiture occurred in this District and because the defendant property is located in this District. 28 U.S.C. §§ 1355(b), 1395(b).

## DEFENDANT IN REM

4. The Defendant is $5,200.00 in United States currency ("defendant property") seized on June 21, 2018. The defendant property is in the custody of the United States Postal Inspection Service.

## BACKGROUND

5. On June 20, 2018, Postal Inspectors from the Phoenix Division of the United States Postal Inspection Service (USPIS) removed suspicious Priority Express Mail parcel from the mail stream at the Phoenix Processing Service and Distribution Center after it was identified as bearing certain characteristics associated with the mailing of illegal drugs and/or illegal drug proceeds.

6. Priority Express Mail parcel EL677742045US, postmarked June 19, 2018, was addressed to "Bianca Jones, 8422 W. Jefferson, Peoria, AZ, 85345," and bore a return address of "Johnnie Jones, Ridge Rd, Centralia, IL 62801." (the "Subject Parcel").

7. The Subject Parcel was a white Priority Mail Express flat rate envelope that measured 12.5" x 9.5", weighed approximately 10 ounces and had $24.70 in postage affixed to it.

8. Postal Inspectors know through training and experience that drug traffickers often use the U.S. Mail to transport controlled substances and/or proceeds from the sale of controlled substances to areas throughout the United States. Traffickers

prefer mail/delivery services such as Express Mail and Priority Mail because of their reliability and the ability to track the article's process to the intended delivery point. When a drug trafficker learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of any delayed attempt to deliver the item.

9. Postal Inspectors are aware that the State of Arizona is a source location for controlled substances based on its close proximity to the border between the United States and Mexico. Controlled substances are frequently transported from Arizona via USPS, and the proceeds from the sale of controlled substances are frequently returned to Arizona via USPS.

10. Based on their training and experience regarding Express Mail operations, U.S. Postal Inspectors are aware that the Express Mail service was designed primarily to fit the needs of businesses by providing overnight delivery for time-sensitive materials.

11. Postal Inspectors, who specialize in investigations relating to the mailing of controlled substances, know it is common for drug traffickers to use names not associated with an address or fictitious names and addresses to evade detection by law enforcement.

12. Postal Inspectors identified the following suspicious characteristics attributable to the Subject Parcel:

a) Legitimate businesses typically use pre-printed labels when mailing Express Mail, while narcotics traffickers typically hand write their labels. The Subject Parcel contains a label with handwritten address information and is addressed from one individual to another individual;

b) Corporate charge accounts were developed by the United States Postal Service to avoid time-consuming cash payments by businesses for business mailings. The handwritten label on Subject Parcel does not contain a business account number, thereby indicating that the sender likely paid cash;

3

c) Individuals, without criminal histories, often are used to receive parcels containing cash or money orders (proceeds of the sale of controlled substances) or contraband for a fee or as a favor on behalf of the actual perpetrator;

d) The Subject Parcel was destined and originated from an area known to be a frequent destination and origination point for controlled substances, having been mailed from an area known to be a source for controlled substances; and,

e) The Subject Parcel was sent via Express Mail next-day service. The USPS provides a tracking service with Express Mail through a USPS tracking number, which allows the customer to track the parcel and confirm delivery.

13. Utilizing law enforcement databases, Postal Inspectors (Inspectors) conducted research on the Subject Parcel's delivery address, 8422 W. Jefferson, Peoria, AZ 85345 (the "delivery address"). Inspectors learned the destination address for the Subject Parcel was an existing, deliverable address, and Bianca Jones (BIANCA) was associated with the address.

14. The Postal carrier informed Inspectors BIANCA Jones was known to receive mail at address 8422 W. Jefferson, Peoria, AZ 85345.

15. Research on the Subject Parcel return address. The return address was an insufficient address, but a search of "Jones" and "Ridge Rd., Centralia IL 62801" revealed the last name "Jones" did associate with address 58 Ridge Drive, Centralia, IL 62801.

16. The first name "Johnnie" did not associate with the Ridge Rd. address.

17. Research revealed a change of address, effective February 25, 2018, forwarding mail for Mr. Jones from 44 Edgewood Ln S., Centralia, IL to 47 Ridge Rd., Centralia, IL.

18. Law enforcement research on BIANCA revealed prior arrests for Possession/Use-Marijuana and Possess/Use-Narcotic Drug.

19. According to the Maricopa County Superior Court minutes dated January 26, 2012, BIANCA Jones was accepted into the Deferred Prosecution Program and the prosecution was suspended.

**June 20, 2018, Canine Examination of the Subject Parcel**

20. On June 20, 2018, Inspectors met with Phoenix Police Department Detective/Canine Handler Elizabeth Poole and her canine "Zadie" at the Postal Inspection Service Headquarters in Phoenix, Arizona, located at 111 West Monroe Street, Phoenix, Arizona 85003.

21. Detective Poole advised she is a Phoenix Police Department Officer currently assigned to the handling and care of Phoenix Police Department canine "Zadie."

22. Detective Poole has been a police officer for 22 years, 17 of which were as a detective assigned to drug enforcement.

23. Narcotic canine Zadie is a four-year old Labrador/Pointer mix, who has been working narcotics detection for the Phoenix Police Department since October 2015.

24. Zadie and Detective Poole are currently certified with the National Certification in narcotics detection by the National Police Canine Association, and last certified January 2018.

25. Detective Poole's certifications include the completion of a 160-hour canine certification course put on by Waddell Kennels located in Arizona.

26. Zadie is trained and certified to detect the odors of cocaine, marijuana, heroin, methamphetamine, and their derivatives.

27. Detective Poole advised that Zadie has had over 100 successful finds of controlled substances, both training finds and finds that have contributed to active investigations.

5

28. Zadie is a sophisticated drug dog. *See United States v. $132,245.00 in U.S. Currency,* 764 F.3d 1055, 1059 (9th Cir. 2014).

29. On June 20, 2018, Detective Poole and Zadie conducted an inspection of the Subject Parcel.

30. At approximately 1:25 P.M., Detective Poole advised Inspectors that Zadie presented a positive alert to the Subject Parcel by scratching at the Subject Parcel and then sitting next to the Subject Parcel.

31. Detective Poole described this as a "passive" alert that Zadie had been trained to give.

32. Detective Poole informed Inspectors that the "passive" alert given by Zadie indicates the presence of narcotics or a controlled substance, currency, notes, documents or evidence bearing the presence of the odors of heroin, cocaine, marijuana and/or methamphetamine within the Subject Parcel.

33. On June 21, 2018, Inspectors obtained and executed a federal search warrant on Priority Express envelope, EL677742045US.

34. Upon execution of a search warrant on the subject envelope, Inspectors discovered a white padded envelope addressed to "Bianca Jones, 8422 W. Jefferson St., Peoria, AZ 85345" and bore a return address of "Johnnie Jones, 44 Ridge Rd., Centralia, IL 62801."

35. Housed inside the padded envelope was a green "Straight Talk Wireless" cardboard box for a "ZTE ZFIVE C" cell phone.

36. Concealed inside the box were four (4) bundles of U.S. currency totaling $5,200.

37. There were no notes, receipts or instructions in the Subject Parcel.

38. Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of receipt or instruction with the proceeds.

39. Legitimate businesses or personal gifts include notes, letters, receipts, cards or coupons with cash or monetary instruments in a package.

40. There is a known trend where narcotic traffickers often secrete cash or money orders between the pages of a newspaper or magazine in an effort to disguise the cash or money orders and prevent their detection.

41. Inspectors know from training and experience that narcotics traffickers will often secrete or conceal narcotics proceeds within cardboard boxes in an attempt to avoid the detection of narcotics odors by a trained narcotics canine.

42. The currency in the Subject Parcel consisted of thirty-five $20 bills. Narcotics traffickers are known to use low denomination currency to conduct their business. Inspectors have found that in most cases narcotics payments are primarily in twenty-dollar denominations.

43. The currency in the Subject Parcel is consistent with narcotics trafficking. The following represents a breakdown of the currency seized.

| Number of Bills | Denomination | Amount |
| --- | --- | --- |
| 40 | $100.00 | $4,000.00 |
| 10 | $ 50.00 | $ 500.00 |
| 35 | $ 20.00 | $ 700.00 |
| **Total** | | **$5,200.00** |

**Corina's Courture, LLC**

44. Arizona Corporation Commission records indicate BIANCA Jones is the Statutory Agent for the business, Corina's Couture, LLC.

45. Corina's Couture, LLC, was incorporated on February 16, 2018, and the address of record showed 8422 W. Jefferson St., Peoria, Arizona 85345.

46. Research conducted for social media accounts associated with the business, Corina's Couture, LLC, identified a Facebook page for the business created on August 28, 2017.

47. A second social media account on Instagram was located under the username corinas_couture.

48. Between the two social media accounts, there were photographs of four different outfits posted. A URL of www.corinascouture.com was listed on the Instagram page. However, when the URL is clicked, an error message indicates the webpage does not exist.

**Addressee BIANCA and Corina's Couture, LLC Wage Report**

49. On September 11, 2018, a wage report was conducted for the past 3 years through the Arizona Department of Economic Security on BIANCA and it indicated BIANCA was employed by Garden House, Inc., from the first quarter of 2015 though the third quarter of 2017.

50. BIANCA Jones reportedly earned $21,960.52 in 2017, $34,777.67 in 2016 and $26,636.27 in 2015.

51. On September 12, 2018, a business wage report was conducted through the Arizona Department of Economic Security for the business, Corina's Couture, LLC.

52. Records indicated there was no reported wages for the business from the third quarter of 2017 through the second quarter of 2018.

53. Law enforcement research conducted on BIANCA for vehicles registered to her in the State of Arizona revealed BIANCA was the registered owner of three vehicles: a 1995 Chevrolet, 2007 Ford and 2008 Dodge Charger.

**Johnnie JONES's Criminal History**

54. A check of federal, state, and local law enforcement indices revealed that Johnnie A. JONES had a criminal history in Illinois and Missouri, which included:

55. In February 2005, JONES was charged with sell conspiracy under 18/dangerous drugs (disposition unknown), possession of cannabis/marijuana possess (disposition unknown) and manufacture/deliver cocaine/sch/pub hs/pk/dangerous drugs charge amended/reduced manufacture/deliver controlled substance. JONES was found guilty.

8

56. In July 2006, JONES was charged with manufacture/deliver control substance/dangerous drugs/drugs conspiracy (disposition unknown), possession controlled substance/dangerous drugs/drug conspiracy (dismissed), possess cannabis 2.5 grams/drug conspiracy/marijuana possess (disposition unknown), sell conspiracy under 18 (4-6 years imprisonment), and manufacture/deliver control substance (10 years imprisonment).

57. In July 2007, JONES was charged with distribute/deliver/manufacture controlled substance. JONES was found guilty and sentenced to 5 years confinement.

**BIANCA Jones's Criminal History**

58. A check of federal, state, and local law enforcement indices revealed that BIANCA Jones had a criminal history in Arizona, which included:

59. In July 2011, BIANCA was charged with marijuana possess/use (court dismissal and narcotic drug possess/use (no complaint filed).

**Administrative Claim by Bianca Jones**

60. On August 3, 2018, USPIS mailed notice letters to all known interested parties with a claim deadline of September 7, 2018, and a petition deadline of September 27, 2018.

61. BIANCA identified herself as the owner of the seized property and she stated the money was intended for her family business vehicle.

62. On or about September 2, 2018, the USPIS received a Claim Form from BIANCA, dated September 2, 2018.

63. On or about September 4, 2018, USPIS reviewed the correspondence and accepted it as a claim.

64. On September 18, 2018, USPIS mailed a letter via First class mail and Certified Mail Return Receipt to BIANCA requesting additional information related to her claim.

65. The letter requested a response deadline of 10 days from the receipt of the mailing.

9

66. Postal records revealed the First Class letter was delivered to BIANCA Jones, 8422 W. Jefferson St., Peoria, AZ on September 20, 2018 with a response deadline of October 1, 2018.

67. BIANCA did not provide the documentation requested by USPIS.

68. The certified letter to BIANCA was returned to USPIS on October 16, 2018, marked "unclaimed."

**Prior Express Mail Seizures Associated with Johnnie Jones and BIANCA Jones**

**October 2013 Seizure of $21,050**

69. Since October 2013, Inspectors identified approximately twelve (12) suspicious mailings believed to be related to the investigation.

70. All of the mailings, except one, originated in Centralia, Illinois and were delivered to addresses in Peoria and Phoenix, Arizona that were associated with BIANCA.

71. Inspectors believe the mailings contained narcotics and/or narcotics proceeds based on the characteristics of the mailings: origin, destination, similar addresses, waiver of signature, size and weight.

72. In October 2013, Inspectors from the Phoenix Division began investigating individuals believed to be trafficking in narcotics and/or narcotics proceeds via the U.S. mail between Phoenix, Arizona and Centralia, Illinois.

73. On or about October 23, 2013, Inspectors intercepted an Express Mail parcel addressed to "Tracy Jones, 4815 N. 48th St., Phoenix, AZ 85031" with a return address of "Johnnie Jones, 1848 Lackey Ln, Centralia, IL 62801."

74. A trained narcotics detection canine from the Peoria Police Department examined the mailing and alerted to the presence and/or odors of controlled substances on or within the mailing.

75. Inspectors obtained and executed a federal search warrant on the mailing, which revealed $21,050.00 in U.S. currency.

76. The currency was concealed inside a pair of tennis shoes.

77. There were no claims or petitions filed.

78. The property was administratively forfeited to the United States Government on September 10, 2015.

**November 30, 2013 Seizure of $16,800**

79. On or about November 30, 2013, Inspectors intercepted a second Express Mail parcel related to the investigation.

80. The parcel was addressed to "Donte Jones, 3815 N. 48th Dr., Phoenix, AZ 85031" with a return address of "Johnnie Jones, 1884 Lackey Lane, Centralia, IL 62801."

81. A trained narcotics detection canine from the Peoria Police Department examined the mailing and alerted to the presence and/or odors of controlled substances on or within the mailing.

82. Inspectors obtained and executed a federal search warrant on the mailing, which revealed $16,800 in U.S. currency.

83. Upon execution of the search warrant, Inspectors found the currency concealed under paper towels.

84. There were no claims or petitions filed.

85. The property was administratively forfeited to the United States Government on July 23, 2015.

### FIRST CLAIM FOR RELIEF

The defendant property represents money or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, and money used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and therefore is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

The defendant property was involved in a transaction or attempted transaction in violation of a money laundering offense or any property traceable to such property, and

11

it constitutes or is derived from proceeds traceable to a violation of, among other things, 21 U.S.C. § 841, and is, therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

WHEREFORE, the United States of America prays that process of warrant *in rem* issue for the arrest of the defendant property; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

DATED this 27 day of November, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

MARK J. WENKER
Assistant United States Attorney

### NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the subject property and want to contest the forfeiture, you must file a verified claim that fulfills the requirements set forth in Fed. R. Civ. P. Supp. G. To avoid entry of default, a verified claim must be filed no later than thirty-five days from the date this Complaint has been sent in accordance with Fed. R. Civ. P. Supp. G(4)(b).

An answer or motion filed under Fed. R. Civ. P. 12 must also be filed no later than twenty-one days after filing the claim. The claim and answer must be filed in the United States District Court for the District of Arizona under the case number listed in the caption above and a copy must be served upon Mark J. Wenker, Assistant United States Attorney, at the address provided in this Complaint.

This notice provision does not provide you with any legal advice and is designed only to provide you with a general understanding of these proceedings. Any statements made in your claim or answer may be introduced as evidence against you in any related or future criminal case. You should consult an attorney to represent your interests in this matter, and note that a stay of proceedings may be available under 18 U.S.C. § 981(g)(2).

IF YOU ARE A VICTIM, and have sustained economic loss as a result of the crime(s) giving rise to this civil action, you may be entitled to petition for remission, mitigation, or restoration under Title 28, Code of Federal Regulations ("C.F.R."), section 9.2. In lieu of filing a Claim with the Court, you may promptly submit a letter outlining your interest in the property to Mark J. Wenker, Assistant United States Attorney. Plaintiff will notify you when it has received your letter, and further instructions may be provided upon conclusion of this action. The United States Attorney General shall have sole responsibility for disposing of petitions for remission or mitigation with respect to property involved in a judicial forfeiture proceeding under 18 U.S.C. § 981(d) and 21 U.S.C. § 881(d). If your status as a victim is contested, timely receipt of your letter will not shield you from entry of default for failing to file a proper claim with the Court.

IF YOU ARE A LIENHOLDER, it is the policy of the United States Attorney's Office to honor all claims received from legitimate titled lienholders as defined under 28 C.F.R. § 9.2. In lieu of filing a claim with the Court, you may send a letter to Mark J. Wenker, Assistant United States Attorney, outlining your interest in the property, including: (1) the amount presently owed on the lien; (2) a copy of the security agreement setting forth your interest; and, (3) whether the owner is in default. If your lien is sufficient, Plaintiff will notify you to verify receipt of your letter. In the event of forfeiture, and to the extent practicable, proceeds from the sale and disposition of the subject property will be remitted to you in satisfaction of the lien. As noted above, timely receipt of your letter will not shield you from entry of default for failing to file a proper claim with the Court.

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

---

**Plaintiff(s):** United States of America

County of Residence: Maricopa
County Where Claim For Relief Arose: Maricopa

**Defendant(s):** $5,200.00 in United States Currency

County of Residence: Maricopa

Plaintiff's Atty(s):

**Mark J. Wenker, Assistant United States Attorney**
**United States Attorneys Office**
**40 N Central Ave., Ste. 1800**
**Phoenix, Arizona  85004**
**602-514-7500**

Defendant's Atty(s):

---

II. Basis of Jurisdiction:    1. U.S. Government Plaintiff

III. Citizenship of Principal Parties (Diversity Cases Only)
    Plaintiff:- N/A
    Defendant:- N/A

IV. Origin :    **1. Original Proceeding**

V. Nature of Suit:    **625 Drug Related Seizure of Property 21 USC 881**

VI. Cause of Action:    **Forfeiture of property to the U.S. pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. §981(a)(1)(A) and (C).**

VII. Requested in Complaint
    Class Action: **No**
    Dollar Demand: **$5,200**

Jury Demand: **No**

VIII. This case **is not related** to another case.

---

**Signature:** S/ Mark J. Wenker

**Date:** 11/27/2018

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.

**Revised: 01/2014**

## VERIFICATION

I, Andrea Brandon, verify and declare under penalty of perjury that, I am a Postal Inspector with the United States Postal Inspection Service, that I have read the foregoing Complaint for Forfeiture *In Rem* and know the contents, and that the matters contained in the Complaint are true to my own knowledge, except that those matters alleged upon information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case.

I verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of November, 2018.

_____
Andrea Brandon, Postal Inspector
United States Postal Inspection Service

15